**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4494**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GREGORY TODD WILLIAMS,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00018-WO-1)

───────────

Submitted: March 17, 2016        Decided: April 5, 2016

───────────

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Eric L. Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Todd Williams pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). The district court varied below the Guidelines range and sentenced Williams to 121 months of imprisonment, and he now appeals. Finding no error, we affirm.

On appeal, Williams challenges the substantive reasonableness of the sentence, arguing that the extent of the departure was not sufficient to take into account Williams' personal characteristics, the fact that the child pornography Guidelines are based largely on Congressional direction to the Sentencing Commission to raise offense levels rather than empirical evidence, and the child pornography Guidelines' failure to distinguish between defendants based on their relative levels of culpability. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007); see also United States v. White, 810 F.3d 212, 229 (4th Cir. 2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

2

sentence". <u>Gall</u>, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." <u>White</u>, 810 F.3d at 230 (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Williams has failed to rebut the presumption of reasonableness applied to his sentence. The district court properly calculated the advisory Guidelines range, responded to each of the parties' sentencing arguments, and thoroughly explained the sentence, including the extent of the variance. Based on the factors identified by the district court, the sentence is sufficient, but not greater than necessary, to accomplish the goals of § 3553(a).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>